This matter was reviewed by the Full Commission on October 13, 1999 upon the appeal of plaintiff from an Opinion and Award filed on January 22, 1999 by Deputy Commissioner William C. Bost who initially heard this matter in Newland on February 2, 1998.
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner and the briefs of the parties. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with minor modifications including the modification of finding of fact number eight.
The Full Commission finds as fact and concludes as a matter of law the following
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and the defendant-employer from March 1, 1986 to July 16, 1992.
3. As of the date plaintiff last worked for the defendant-employer, National Union Fire Insurance Company was the workers' compensation carrier on the risk.
4. Plaintiff claims to suffer an occupational lung disease as a result of his employment with the defendant-employer.
The parties also stipulated to the following documents:
 (a) Employment Security Commission records, by stipulation dated February 9, 1998.
 (b) Affidavit of Patty Register, with attached documents, by stipulation dated March 5, 1998.
 (c) Medical records from the North Carolina State Board of Health, Bowman Gray School of Medicine, Iredell Memorial Hospital, Banner Elk Family Medicine, Dr. Mark Littlejohn, Dr. Peter T. Alford, the N.C.I.C. Advisory Medical Committee, Dr. H. F. Easom, Duke University Medical Center, Asheville Pulmonary and Critical Care Associates, Pulmonary Associates of East Tennessee, Asheville Gastroenterology Associates, Cannon Memorial Hospital, Blue Ridge Community Health Center, and miscellaneous other medical records, including chest x-rays, by stipulation dated March 12, 1998.
 (d) Additional medical records and reports, by stipulation dated May 1, 1998.
 (e) The transcript of the deposition testimony of Dr. W. Roger Domby taken on March 24, 1998.
***********
The Full Commission adopts the findings of fact found by the deputy commissioner with certain modifications and finds as follows
 FINDINGS OF FACT
1. Plaintiff, who is forty-three years old, worked for defendant-employer bagging clay and as a clay filter operator. The clay with which plaintiff worked contained such low levels of silica, less than five percent, that federal and state regulations do not require the use of respirators. Nonetheless, defendant-employer made respiratory protection available to its employees including plaintiff.
2. Plaintiff worked for defendant-employer from 1986 until he was laid-off in conjunction with a plant-wide shutdown in July 1992. Thereafter, plaintiff applied for and received unemployment benefits from August 1, 1992 to September 26, 1993, at the rate of $267.00 per week. Plaintiff has not returned to work since the date he last worked for defendant-employer.
3. Plaintiff smoked one to one-and-one-half packs of cigarettes per day from the time he was a teenager until 1990.
4. On December 21, 1994, plaintiff underwent an occupational pulmonary evaluation by the North Carolina Industrial Commission Advisory Medical Committee. His complaints included chronic left chest pain, shortness of breath, and an occasional wheeze and cough. Chest radiographs performed in conjunction with that evaluation were inconsistent with pneumoconiosis and pulmonary function studies revealed poor patient effort, making the results suspect. The Advisory Medical Committee also reviewed prior medical records, including chest x-rays from 1992 to 1994, which showed streaky densities consistent with postinflammatory scarring, but no adenopathy, calcification, pleural effusion or other specific abnormalities. The conclusion of the Advisory Medical Committee was that plaintiff did not have evidence of pneumoconiosis, and that his shortness of breath on exertion was probably related to deconditioning, obstructive lung disease, and possibly depression. Following this examination by the Advisory Medical Committee, the North Carolina Department of Environment, Health Natural Resources, Occupational Health Section issued plaintiff a dusty trades work card, which certified that he was free of occupational lung disease and, therefore, could continue dusty trade employment without reexamination for two years.
5. In June 1996, Dr. Earwood, plaintiff's family doctor, referred plaintiff to Dr. Domby, a pulmonary specialist, for evaluation of his complaints of dyspnea, fatigue and chronic cough. After multiple examinations and further diagnostic testing, Dr. Domby concluded that plaintiff does not have silicosis, or any other lung condition which was caused by his employment with the defendant-employer.
6. On September 7, 1995, plaintiff was evaluated by Dr. Darcey, an occupational and environmental medicine specialist at Duke University Medical Center. In February 1996 Dr. Darcey reviewed the report of the Advisory Medical Committee and indicated that he agreed with the conclusion of the Advisory Medical Committee that plaintiff does not have evidence of a pneumoconiosis.
7. Plaintiff does not have silicosis.
8. Assuming, arguendo, that the medical evidence of record supported a finding that plaintiff has silicosis or any other disease, there is no evidence of record to support findings that plaintiff's employment with the defendant-employer was a significant contributing factor in the development of any occupational disease nor is there any evidence of record to support a finding of fact that plaintiff was at a greater risk than the general public of developing an occupational disease. Furthermore, plaintiff was not last injuriously exposed to the hazards of silicosis while employed by the defendant-employer.
***********
Based on the foregoing findings of fact, the Full Commission concludes as follows
 CONCLUSION OF LAW
Plaintiff's claim for benefits under the North Carolina Workers' Compensation Act for an occupational lung disease is hereby denied. The medical evidence of record does not support findings that he has silicosis or any other occupational lung disease which would be compensable under the Act. N.C.G.S. §97-53(24), § 97-53(25), and § 97-53(13).
***********
Based on the foregoing findings of fact and conclusion of law, the Full Commission enters the following
 ORDER
1. Plaintiff's claim is hereby, and the same shall be, Denied.
2. Each side shall pay its own costs.
S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________ CHRISTOPHER SCOTT COMMISSIONER